# IN THE SUPREME COURT OF TEXAS

════════════

No. 10-0928

════════════

RAUL ERNESTO LOAISIGA, M.D., AND RAUL ERNESTO LOAISIGA, M.D., P.A.,
PETITIONERS,

v.

GUADALUPE CERDA, INDIVIDUALLY AND AS NEXT FRIEND OF MARISSA CERDA, A
MINOR, AND CINDY VELEZ, RESPONDENTS

══════════════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRTEENTH DISTRICT OF TEXAS

══════════════════════════════════════════════════

JUSTICE WILLETT, concurring in part and dissenting in part.

I join today's well-reasoned decision save one quibble: Because I find Parts V.B and VI.B of the Court's opinion advisory—and thus inadvisable—I respectfully dissent from those sections.

Today the Court clarifies the standard for defining a healthcare liability claim (HCLC) and remands so the trial court can apply our new guidance. So far so good. *If* the trial court concludes these claims are *not* HCLCs, then no expert report is necessary. The Court, however, proceeds to (p)review the reports' sufficiency just in case the trial court goes the other way.

This analysis is premature. The trial court hasn't even applied our new test to determine whether these are HCLCs in the first place. I wouldn't short-circuit its review by pre-deciding an issue that might never need deciding at all and that might benefit immensely from lower-court analysis.

As a judiciary, our constitutional role dictates that we decide concrete cases and not dispense contingent advice. "[T]he judicial power does not embrace the giving of advisory opinions,"[1] and prudent development of the law requires that courts refrain from speculating on situations that may never arise.

The Court's motivation, of course, is commendable: to advance judicial efficiency and squeeze out inordinate delay. But unless and until the lower courts conclude that plaintiffs' claims are indeed HCLCs, I would not suggest a premature predecision that presupposes—if not predestines—a certain lower-court path.

_____
Don R. Willett
Justice

**OPINION DELIVERED:** August 31, 2012

---

[1] *Firemen's Ins. Co. of Newark, N.J. v. Burch*, 442 S.W.2d 331, 333 (Tex. 1968).

2